# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

FELICIA MOSLEY,

      Plaintiff(s),

v.

AACRES, LLC, et al.,

      Defendant(s).

Case No.: 2:21-cv-00521-RFB-DJA

**ORDER**

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* on March 30, 2021.  (ECF No. 1).  Plaintiff also submitted a complaint.  (ECF No. 1-1).

## I.   *In Forma Pauperis* Application

Plaintiff filed the affidavit required by § 1915(a) – indeed, Plaintiff submitted both the long form and the short form applications.  (ECF No. 1).  Plaintiff has shown an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket.  The Court will now review Plaintiff's complaint.

## II.   Screening the Complaint

Court will now screen the complaint pursuant to § 1915(e)(2).  In so doing, the Court is mindful that allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from

1

1    a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a
2    complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions
3    as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies
4    could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

5        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint
6    for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is
7    essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723
8    (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim
9    showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*,
10   550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it
11   demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause
12   of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265,
13   286 (1986)).  The court must accept as true all well-pled factual allegations contained in the
14   complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.
15   Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do
16   not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from
17   conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.
18   Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted
19   by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal
20   construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

21       Plaintiff attempts to bring claims under Title VII of the Civil Rights Act of 1964, the
22   Americans with Disabilities Act of 1990, and other unspecified federal law.  *See* Compl. (ECF No.
23   1-1, p. 3).  The Court will address the sufficiency of those claims below.

24       A.    Title VII

25       Plaintiff alleges that she was subjected to failure to promote and retaliation under Title VII.
26   She claims that when she applied for another job, Aacres told the other company not to hire her
27   and disclosed the reason why she was terminated.  Plaintiff notes that she has diabetes and possible
28   other disabilities or perceived disabilities.

2

To sufficiently allege a prima facie case of discrimination in violation of Title VII to survive a § 1915 screening, Plaintiff must allege that: (1) she is a member of a protected class; (2) she was performing according to the Company's legitimate expectations; (3) she suffered an adverse employment action; and (4) similarly situated individuals outside of her protected class were treated more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003); *Gardner v. LKM Healthcare, LLC*, 2012 U.S. Dist. LEXIS 111415 (D. Nev. July 27, 2012).

In order to make out a *prima facie* case of retaliation, Plaintiff must show: (1) involvement in a protected activity, (2) a "materially adverse" action, and (3) a causal link between the two. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (citing *Payne v. Norwest Corp.*, 113 F.3d 1079, 1080 (9th Cir. 1997)); *see also*, *Burlington Northern & Santa Fe Rwy. Co. v. White*, 458 U.S. 53, 68 (2006) (setting forth the "materially adverse" standard). To prove causation, Plaintiff "must show by a preponderance of the evidence that engaging in the protected activity was one of the reasons for the 'adverse employment decision and that but for such activity' the adverse employment action would not have occurred." *See Villiarimo v. Aloha Island Air, Inc*., 281 F.3d 1054, 1064-65 (9th Cir. 2002).

The ADA prohibits covered employers from discriminating against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). An ADA discrimination claim follows the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Plaintiff must establish that: (1) she has a disability within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of her employment, with or without reasonable accommodation; and (3) she suffered an adverse action because of the disability. *See Hutton v. Elf Etochem No. Am., Inc.*, 273 F.3d 884, 895 (9th Cir. 2001).

In her Complaint, Plaintiff claims that she filed a charge with the EEOC in August of 2020 and received a dismissal and right to sue letter on December 29, 2020. She admits that 60 days or more have elapsed since the letter as she filed this action on March 30, 2021. Further, she does not attach either the charge or the right to sue letter. As a result, the Court cannot find that Plaintiff

3

timely filed this action and exhausted her administrative remedies with respect to her Title VII and ADA claims.

Moreover, Plaintiff's Complaint fails to include sufficient factual allegations for the Court to find she can state a plausible claim for relief under Title VII or the ADA.  She does not sufficiently identify a protected category upon which she is basing her Title VII claim. Additionally, there is no individual employee liability under Title VII for retaliation or failure to promote.  Indeed, Plaintiff's Complaint lacks any factual allegations to state a claim against her supervisor and director.  Without any basis for liability, the claims against Clare Wallace and Tasha Higgins are not sufficient to proceed.  Similarly, the ADA claim and unspecified other federal law claim lack sufficient factual support.  Plaintiff's allegations are contradictory and inconsistent throughout her Complaint.  For example, she claims that Defendants are still committing the failure to promote discriminatory conduct, but then claims that she was terminated.  Therefore, the Court finds that the allegations in the Complaint are not sufficient to survive the screening process even given Plaintiff's status as a *pro se* litigant.[1]

C.   Screening Conclusion

Although it is not clear that the deficiencies identified can be cured, the Court will allow Plaintiff an opportunity to file an amended complaint to the extent she believes that she can state a claim.

**III.   Conclusion**

Accordingly, **IT IS ORDERED** that:

1.   Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Plaintiff shall not be required to pre-pay the filing fee of four hundred and two dollars ($402.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting

---

[1] When the Court screens a complaint, it does so without the benefit of an adversarial presentation. *Cf. Buchheit v. Green*, 705 F.3d 1157, 1161 (10 Cir. 2012).  As such, nothing herein prevents Defendant from filing a motion to dismiss.

leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (ECF No. 1-1) on the docket.

3. The complaint is **DISMISSED WITHOUT PREJUDICE** providing Plaintiff with leave to amend. Plaintiff will have until **May 5, 2021**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: April 7, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE